UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| P.G.,<br><br>            Plaintiff,<br><br>    v.<br><br>ALAMEDA UNIFIED SCHOOL DISTRICT,<br><br>            Defendant. | Case No. 21-cv-01529-EMC(LB)<br><br>**DISCOVERY ORDER**<br><br>Re: ECF Nos. 33 and 36 |

## INTRODUCTION

In this action, the plaintiff is contesting an administrative ruling approving the defendant's (Alameda Unified School District) decision under the Individuals with Disabilities Education Act (IDEA) to deny the plaintiff an independent educational evaluation (IEE) with her preferred psychologist.[1] The parties' current discovery dispute concerns whether the plaintiff is entitled to conduct additional discovery and potentially admit new evidence challenging the administrative ruling.[2] The district judge referred all discovery matters to a magistrate judge.[3] This order

---

[1] Compl. – ECF No. 1 at 5–11 (¶¶ 15–35). Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Disc. Ltr. – ECF No. 33; Disc. Ltr. – ECF No. 36.

[3] Order – ECF No. 34.

ORDER – No. 21-cv-01529-EMC(LB)

addresses only the discoverability of the new evidence because the ultimate admissibility of the material relates to the merits of the dispute.

The court allows discovery into (1) the district's settlements with other state-licensed clinical psychologists and (2) testimony from Dr. Ann Simun, a school psychologist who is also a state-licensed clinical psychologist, because this material is relevant and non-cumulative. The court denies the plaintiff's request to conduct discovery into post-hearing policy changes adopted by other localities because that information is not relevant to the review of the administrative decision. The court takes no position on the parties' statements concerning whether investigation reports and decisions issued by the California Office of Administrative Hearings may be judicially noticed.

## STATEMENT

The elementary-school-aged plaintiff has attention-deficit hyperactivity disorder (ADHD) and autism.[4] The plaintiff's parents sought special-education services, the district denied the request, and the parents asked for an independent-educational evaluation (IEE).[5] The district declined to permit Dr. Carina Grandison — the parents' preferred psychologist — to conduct the IEE under the district's policies, which were established by the Special Education Local Plan Area.[6] The district initiated a due-process complaint under IDEA to have its decision affirmed by an administrative law judge at the California Office of Administrative Hearings.[7] The administrative law judge affirmed the district's decision.[8] The plaintiff is contesting this administrative decision.[9]

To support the challenge to the administrative law judge's decision, the plaintiff asks the court for permission to conduct discovery regarding the following: (1) "District settlement[s] or other

---

[4] Compl. – ECF No. 1 at 5 (¶ 16).
[5] *Id.* at 5–6 (¶¶ 17–19).
[6] *Id.* at 6 (¶¶ 20–21).
[7] *Id.* at 8 (¶ 28).
[8] *Id.* at 10–11 (¶ 35).
[9] *Id.* at 11–24 (¶¶ 36–74).

agreements with state licensed clinical psychologists from December 14, 2017 through the present"; (2) "Supplementary evidence [presumably testimony] from Dr. Ann Simun a school psychologist who is also a state licensed clinical psychologist, a) regarding statements made at [the] hearing by District witnesses that a clinical psychologist lacks training and experience to conduct psycho-educational evaluations, and b) explaining training required of school psychologists, and c) what psychology activities school psychologists may and may not undertake"; and (3) "SELPA [Special Education Local Plan Area] policies that have changed to adapt to the novel position taken by OAH [California Office of Administrative Hearings] in the decision in this case."[10] The plaintiff also contemplates seeking judicial notice of investigation reports and decisions issued by the California Office of Administrative Hearings as supplemented by declarations from the parties involved in those matters.[11]

The district contends that (1) the settlement agreements with other psychologists are irrelevant, (2) the testimony from Dr. Ann Simun would be irrelevant and cumulative, and (3) the Special Education Local Plan Area policies are irrelevant and "beyond the scope" of this action.[12] The district reserves the right to object to any use of investigation reports and decisions issued by the California Office of Administrative Hearings on grounds that the material would be irrelevant.[13]

## ANALYSIS

The IDEA mandates that, on review of an administrative decision, the district court "shall hear additional evidence at the request of a party." 20 U.S.C. § 1415(i)(2)(C)(ii). But not all evidence is "additional evidence." *E.M. ex rel. E.M. v. Pajaro Valley Unified Sch. Dist. Off. of Admin. Hearings*, 652 F.3d 999, 1004 (9th Cir. 2011). "[A] district court need not consider evidence that simply repeats or embellishes evidence taken at the administrative hearing, nor should it admit evidence that changes the character of the hearing from one of review to a trial de novo." *Id.*

---

[10] Disc. Ltr. – ECF No. 33 at 2–3; Disc. Ltr. – ECF No. 36 at 2–5.

[11] Disc. Ltr. – ECF No. 36 at 5.

[12] Disc. Ltr. – ECF No. 33 at 2–4; Disc. Ltr. – ECF No. 36 at 2–5.

[13] Disc. Ltr. – ECF No. 36 at 5.

(cleaned up). In short, "evidence that is non-cumulative, relevant, and otherwise admissible constitutes 'additional evidence' that the district court 'shall' consider pursuant to 20 U.S.C. § 1415(i)(2)(C)(ii)." *Id.* at 1005.

The purpose for admitting additional evidence is to ensure that "federal courts enforce the minimum federal standards IDEA sets out." *Id.* For example, courts have allowed parties to admit into evidence psychological reports obtained after the school district's challenged decision where the reports "may be helpful to understanding the school district's earlier actions." *M.M. v. Lafayette Sch. Dist.*, No. C 10-04223 SI, 2011 WL 5190033, at *4 (N.D. Cal. Oct. 31, 2011).

1. **District Settlements**

The plaintiff's complaint is based on the defendant's refusal to allow the plaintiff's parents to use their preferred psychologist, Dr. Carina Grandison, a state-licensed clinical psychologist and neuro-psychologist, to conduct the IEE.[14] Specifically, the plaintiff contends that the administrative law judge erred when he found that the district "properly denied parents' request for evaluation by Dr. Grandison, a licensed clinical psychologist."[15]

The district's settlements with other state-licensed clinical psychologists are relevant to this dispute. For instance, if the district allowed other similarly credentialled state-licensed clinical psychologists to conduct IEEs under similar circumstances that could potentially support the plaintiff's allegations against the district. Specifically, the settlements may support the plaintiff's challenge to the districts finding that she had not demonstrated unique circumstances justifying a departure from the usual criteria.[16] Therefore, the court permits discovery into this category (*i.e.*, agreements with state-licensed clinical psychologists from December 14, 2017 through the present).

---

[14] Compl. – ECF No. 1 at 5–11 (¶¶ 15–35).
[15] *Id.* at 10 (¶ 35).
[16] Disc. Ltr. – ECF No. 36 at 3.

### 2. Supplementary Evidence from Dr. Ann Simun

The plaintiff seeks to conduct discovery and obtain testimony from Dr. Ann Simun, a school psychologist who is also a state-licensed clinical psychologist.[17] The plaintiff wants to use this evidence to contest the district's "unproven argument that state-licensed psychologists lack the training needed to conduct IEEs."[18] The district argues that the proposed discovery would be irrelevant and cumulative because the plaintiff has already presented testimony from "three licensed and experienced clinical psychologists about their training and experience" to the administrative law judge.[19] The plaintiff asserts that the testimony is not cumulative because Dr. Simun "is a state licensed psychologist who also has [a] school psychologist credential" and that neither party called a school psychologist at the due process hearing.[20] The district also contends that, at the administrative hearing, it did not argue that "only school psychologists are qualified to conduct IEEs" but instead argued that IEE assessors must "at a minimum" have a school psychologists credential.[21]

The plaintiff does not explain why she did not offer Dr. Simun's testimony at the hearing other than to claim that she was "surprised" by the district's argument that "state licensed psychologists lack the training needed to conduct IEEs."[22] This argument is not especially convincing as the qualifications of state-licensed psychologists to conduct IEEs seems to be one of the central disputed issues. Nonetheless, "whether a particular witness 'did, or could have, testified before the administrative hearing'" is not dispositive. *N. N. v. Mountain View-Los Altos Union High Sch. Dist.*, No. 20-cv-08010-VKD, 2021 WL 2808973, at *4 (N.D. Cal. July 6, 2021) (quoting *Town of Burlington v. Dep't of Educ.*, 736 F.2d 773, 790 (1st Cir. 1984)). Accordingly, the issue is only whether the testimony would be relevant and non-cumulative.

---

[17] Disc. Ltr. – ECF No. 33 at 2–3.

[18] *Id.* at 3.

[19] *Id.*

[20] Disc. Ltr. – ECF No. 33 at 3.

[21] Disc. Ltr. – ECF No. 36 at 4.

[22] *Id.*

1    Regarding relevancy, Dr. Simun's testimony is clearly relevant to the dispute because it relates

2 to whether the plaintiff's preferred psychologist, Dr. Carina Grandison, was qualified under the

3 Special Education Local Plan Area's policies. Of course, even though the new testimony is

4 relevant it may be improper cumulative evidence. In this regard, Dr. Simun has a school

5 psychologist credential — unlike the other psychologists who testified at the administrative

6 hearing — and this is enough to make her testimony non-cumulative. Thus, the court permits

7 discovery into Dr. Simun's testimony.

### 3. SELPA Policy Changes

The plaintiff asks the court for permission to conduct discovery into policy changes in other Special Education Local Plan Areas (SELPAs) that the administrative law judge's decision in this case allegedly precipitated.[23] According to the plaintiff, other Special Education Local Plan Areas have changed their policies to force students to use school psychologists (rather than any state-licensed psychologists) for IEEs.[24] According to the plaintiff, the policy changes stemming from the administrative decision and the differences between districts demonstrate an inequitable application of the law (*e.g.*, 34 C.F.R. 300.52, which governs independent educational evaluations).[25] The plaintiff contends that these policy changes are relevant because they will help establish that the administrative law judge's decision contradicted the congressional intent underlying IDEA.[26]

Relevant means "reasonably calculated to lead to the discovery of admissible evidence." *Frazier v. Bed Bath & Beyond, Inc.*, No. 11-mc-80270 RS (NC), 2011 WL 5854601, at *1 (N.D. Cal. Nov. 21, 2011). The post-hearing policy changes that plaintiff wants to obtain in discovery are not relevant to the plaintiff's administrative challenge. Post-hearing policy changes in other Special Education Local Plan Areas following the administrative law judge's decision here do not

---

[23] *Id.* at 3–4.

[24] *Id.* at 3.

[25] Disc. Ltr. – ECF No. 36 at 5.

[26] Disc. Ltr. – ECF No. 33 at 4.

United States District Court
Northern District of California

illuminate whether the underlying administrative decision was correct. The post-hearing changes simply show that other locales may follow the challenged decision.

Because the post-hearing policy changes are not relevant to determining whether the administrative law judge erred, the court denies the plaintiff's request to conduct discovery on this issue.

### 4. Judicial Notice of Investigation Reports and Decisions from the California Office of Administrative Hearings

The parties appear to agree that investigation reports and decisions issued by the California Office of Administrative Hearings may be judicially noticed.[27] The plaintiff contemplates supplementing these investigation reports with declarations identifying the "IEE evaluator."[28] The district states that it reserves the right to object to supplementing the administrative record with investigation reports and decisions along with any supplemental declarations on grounds that the material would be irrelevant.[29]

There is no discovery dispute on this issue. The court takes no position on whether the material may be judicially noticed or admitted as supplemental evidence.

### CONCLUSION

The court grants the plaintiff's request to conduct discovery into (1) the district's settlements with other state-licensed clinical psychologists and (2) testimony from Dr. Ann Simun concerning: (i) statements made at the hearing by district witnesses claiming that clinical psychologists lack relevant training; (ii) school psychologist training; and (iii) limits on school psychologists. The court denies the plaintiff's request to conduct discovery into policy changes in other Special

---

[27] Disc. Ltr. – ECF No. 36 at 5.
[28] *Id.*
[29] *Id.*

Education Local Plan Areas and takes no position on the parties' statements concerning investigation reports and decisions issued by the California Office of Administrative Hearings.

**IT IS SO ORDERED.**

Dated: April 28, 2022



_____
LAUREL BEELER
United States Magistrate Judge