UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| P.G.,<br><br>        Plaintiff,<br><br>    v.<br><br>ALAMEDA UNIFIED SCHOOL DISTRICT,<br><br>        Defendant. | Case No. 21-cv-01529-EMC<br><br>**PUBLIC/REDACTED VERSION**<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Docket No. 48 |

    P.G. is a minor. She has filed suit (through her guardian ad litem) against Alameda Unified School District ("AUSD") pursuant to the Individuals with Disabilities Education Act ("Act"). *See* 20 U.S.C. § 1415. Currently pending before the Court is AUSD's motion to dismiss or, in the alternative, for summary judgment due to lack of standing. According to AUSD, P.G's case is moot in light of a settlement agreement reached in related proceedings.

    Having considered the parties' briefs and accompanying submissions, as well as the oral argument of counsel, the Court hereby **GRANTS** the motion to dismiss.

## I.     FACTUAL & PROCEDURAL BACKGROUND

### A.    First Amended Complaint

    In the operative first amended complaint ("FAC"), P.G. alleges as follows.

    P.G. is an elementary school-age student. *See* FAC ¶ 9. In September 2019, her parents asked AUSD to assess P.G. for special education and related services. *See* FAC ¶ 17. AUSD did so. In December 2019, AUSD held an Individualized Education Program ("IEP") team meeting to review its assessment of P.G. The IEP team decided that P.G. did not need special education, related services, or an IEP. *See* FAC ¶ 18.

In June 2020, P.G.'s parents notified AUSD that they disagreed with the assessment and asked for an independent educational evaluation ("IEE"). An IEE is a procedural right under the IDEA. *See* FAC ¶ 19; *see also* 34 C.F.R. § 300.502 (providing that parents "have the right . . . to obtain an [IEE]," which is defined as "an evaluation conducted by a qualified examiner who is not employed by the public agency responsible for the education of the child in question," subject to certain conditions; also providing that "[a] parent has the right to an [IEE] at public expense if the parent disagrees with an evaluation obtained by the public agency," subject to certain conditions).

Several days later, the parents notified AUSD that they had selected Dr. Carina Grandison, a state-licensed clinical psychologist to conduct the IEE. Dr. Grandison had previously conducted other IEEs funded by AUSD and other school districts. *See* FAC ¶ 20.

In July 2020, AUSD told P.G.'s parents that Dr. Grandison no longer met the requirements for an acceptable IEE provider set by its Special Education Local Plan Area ("SELPA"). *See* FAC ¶ 21. AUSD sent the parents a list of proposed IEE evaluators but each was a school psychologist or a licensed educational psychologist and "had ties to public school districts [–] some to districts in AUSD's SELPA." FAC ¶ 22. The parents declined and thus AUSD initiated an IDEA due process complaint (Case No. 2020080899). *See* FAC ¶ 28; *see also* 34 C.F.R. § 300.502(b). The issue identified in the complaint was whether AUSD properly denied the request to fund an IEE by Dr. Grandison based on "agency criteria that the assessor be either a licensed educational psychologist or a credentialed school psychologist." FAC ¶ 28.

In December 2020, the California Office of Administrative Hearings ("OAH") issued a decision in favor of AUSD.

P.G. now challenges that decision in this pending lawsuit. In terms of relief, P.G. asks for a reversal of the OAH decision. *See* FAC, Prayer for Relief ¶ 1. P.G. also asserts that "AUSD's actions in denying an IEE in psycho-education for P.G. with Dr. Carina Grandison both unlawfully denied and delayed the identification of P.G.'s unique educational needs and impeded and delayed her ability to meaningfully access an education." FAC, Prayer for Relief ¶ 4. She asks to be "awarded compensatory education . . . for AUSD's improper denial of the parents' request for a psycho-education IEE by Dr. Carina Grandison," as well as reasonable attorney's

2

fees and costs. FAC, Prayer for Relief ¶¶ 5-6.

B.  New Administrative Proceedings After OAH Decision

As indicated above, OAH issued its decision unfavorable to P.G. in December 2020. P.G. then initiated this lawsuit in March 2021. *See* Docket No. 1 (original complaint).

About eight months later, in November 2021, P.G. herself initiated an IDEA due process complaint with the OAH (Case No. 2021120065). *See* Mishook Decl. ¶ 2. A copy of the amended due process complaint can be found at Exhibit A to the Mishook Declaration. In the due process complaint, P.G. alleges that AUSD failed to provide her with a Free Appropriate Public Education ("FAPE") within the meaning of the IDEA and the California Education Code. P.G. identified multiple ways in which AUSD allegedly failed to provide her with a FAPE. One of the ways was that AUSD had failed to fund an IEE. *See* Mishook Decl., Ex. A (Am. Due Process Compl. at 10) (fourth issue presented). Subsequently, AUSD successfully moved to dismiss that specific issue on the basis that it "sought to re-raise whether the District was entitled to refuse to contract with Dr. Grandison in accordance with its IEE policy." Mishook Decl. ¶ 4.

In April 2022, P.G. initiated a second due process complaint with OAH (Case No. 2022040901). A copy of the due process complaint in that matter can be found at Exhibit B to the Mishook Declaration. In that complaint, P.G. alleges that her parents privately paid for an IEE by Dr. Grandison and that the IEE was completed in June 2021 and provided to the AUSD. According to P.G., AUSD should have reimbursed her parents for the cost of the private IEE. *See* Mishook Decl., Ex. B (Due Process Compl. at 2) (also arguing that this issue has not yet been decided by OAH: "The issue of payment/funding by the District for such an IEE has been ruled on by OAH and is pending before the District Court[,] [but] that issue is different from one for reimbursement to the parent for a privately-paid/privately-funded IEE such as the one the parents have obtained here").

OAH denied P.G.'s motion to consolidate her two due process complaints. *See* Mishook Decl. ¶ 6.

About a month later, in May 2022, AUSD sent P.G. a statutory offer of settlement for the first due process case before the OAH. *See* Mishook Decl. ¶ 7. The draft settlement agreement

3

1    did not refer to the second due process case but did "carve out" from the settlement the claim

2    pending before this Court. *See* Mishook Decl. ¶ 7. P.G. responded with edits, one of which was a

3    statement that the settlement would cover *both* of the due process cases before the OAH. *See*

4    Mishook Decl. ¶ 8.

5         A copy of the final settlement agreement can be found at Docket No. 45-2. The settlement

6    agreement provides, *inter alia*, that it is "entered into . . . for the purpose of compromising and

7    settling all past claims, both known and unknown, raised in Petitioner's pending IDEA OAH due

8    process complaints with the exception of claims pending before the Federal District Court for the

9    Northern District of California in *P.G. v. Alameda Unified School District*, 3:21-cv-01529-EMC."

10   Sett. Agmt. ¶ II.A; *see also* Sett. Agmt. ¶ II.B.4 (providing that parents agree to dismiss both of

11   the OAH due process matters).[1] The main relief obtained by P.G. through the settlement was as

12   follows:

> In complete satisfaction of any claim for educational services through the Effective Date of this Agreement, the District will ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

17   Sett. Agmt. ¶ II.B.1. ████████████████████████████████████████████ *See* Sett.

18   Agmt. ¶ II.B.3. ████████████████████████████████████████████████████████████

19   ████████████████████████ Sett. Agmt. ¶ II.A.

20        In the pending motion, AUSD recognizes that there is a "carve-out" from the settlement for

21   this pending litigation; however, AUSD argues that, in spite of the carve-out, there is nothing for

22   this Court to do now that the due process matters before the OAH have settled – *i.e.*, P.G. no

23   longer has standing to pursue this case.

24   ///

25   ///

26

---

27   [1] Although the Court previously allowed for the sealing of the entire settlement agreement, the Court has now determined that certain specific terms in the agreement need not be sealed. Other
28   provisions in the settlement agreement shall remain sealed.

## II. DISCUSSION

A. Legal Standard

A motion to dismiss for lack of standing is brought pursuant to Federal Rule of Civil Procedure 12(b)(1). *See Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010) (noting that, "[b]ecause standing and ripeness pertain to federal courts' subject matter jurisdiction, they are properly raised in a Rule 12(b)(1) motion to dismiss"). Such a motion can be facial in nature or factual. *See Pride v. Correa*, 719 F.3d 1130, 1139 (9th Cir. 2013). Where a factual attack is made and a court considers only written materials, a plaintiff need only establish a prima facie case of jurisdiction. *See Societe de Conditionnement en Aluminum v. Hunter Eng'g Co.*, 655 F.2d 938, 942 (9th Cir. 1985); *cf. Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285-86 (9th Cir. 1977) (adopting that approach where personal jurisdiction is at issue).

B. Standing

For Article III standing, a plaintiff must show: (1) an injury in fact, (2) a sufficient causal connection between the injury and the conduct complained of (*i.e.*, traceability), and (3) a likelihood that the injury will be redressed by a favorable decision. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). "[A] plaintiff must demonstrate standing separately for each form of relief sought," *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 185 (2000) – "whether it be injunctive relief, damages or civil penalties." *Bates v. UPS*, 511 F.3d 974, 985 (9th Cir. 2007).

C. Past Injury

"By its plain terms, the IDEA does not limit the type of relief a court may order, so long as that relief is 'appropriate.'" *Breda v. Del. Valley Sch.*, No. 3:20-CV-1853, 2021 U.S. Dist. LEXIS 119996, at *17 (M.D. Pa. June 28, 2021) (quoting 20 U.S.C. § 1415(i)(2)(C)(iii)). "'Appropriate relief is relief designed to ensure that the student is appropriately educated within the meaning of the [IDEA].'" *Park v. Anaheim Union High Sch. Dist.*, 464 F.3d 1025, 1033 (9th Cir. 2006). "Compensatory education services can be awarded as appropriate equitable relief." *Id.* The IDEA also allows for "monetary awards in the form of reimbursement for services that a school wrongfully failed to provide." *Moseley v. Bd. of Educ. of Albuquerque Pub. Schs.*, 483 F.3d 689,

693 (10th Cir. 2007).

On the other hand, "[t]he purpose of the IDEA is to provide educational services, not compensation for personal injury, and [therefore] a damages remedy – as contrasted with reimbursement of expenses – is fundamentally inconsistent with this goal." *Polera v. Bd. of Educ.*, 288 F.3d 478, 486 (2d Cir. 2002); *see also Ortega v. Bibb Cty. Sch. Dist.*, 397 F.3d 1321, 1325 (11th Cir. 2005) ("Although the IDEA provides various types of remedies for plaintiffs – including restitution for some parental expenses, compensatory education for students, and procedural remedies – the statute does not provide tort-like relief."); *Chambers v. Sch. Dist. of Phila. Bd. of Educ.*, 587 F.3d 176, 186 (3d Cir. 2009) ("[C]ompensatory and punitive damages are not an available remedy under the IDEA. [The] language and structure make plain that Congress intended to ensure that disabled children receive a FAPE under appropriate circumstances, not to create a mechanism for compensating disabled children and their families for their pain and suffering where a FAPE is not provided."); *Blanchard v. Morton Sch. Dist.*, 509 F.3d 934, 936 (9th Cir. 2007) (noting that "money damages are not available under the IDEA for the pain and suffering of a disabled child"). Thus, there are limits to retrospective relief available under the IDEA.

In the case at bar, P.G. seeks relief for a past injury. Specifically, she has alleged that "AUSD's actions in denying an IEE in psycho-education for P.G. with Dr. Carina Grandison both unlawfully denied and delayed the identification of P.G.'s unique educational needs and impeded and delayed her ability to meaningfully access an education."[2]  FAC, Prayer for Relief ¶ 4. The

---

[2] The Court acknowledges AUSD's contention that, even though P.G. asked for compensatory education in the FAC, she is not entitled to that relief given the scope of the issues raised in the case:
> [The underlying OAH dispute was] a District-filed case focused solely on whether the District had to fund an assessment by Dr. Grandison, or not. As already discussed in the District's moving papers, Plaintiff did not raise any affirmative claims against the District until well after the conclusion of the case at issue here. While Plaintiff is correct in her opposition that she was not required to do so, her decision not to raise affirmative claims in the same case that the District defended its IEE decision means that she may not raise compensatory education as a remedy here.

Reply at 5.

1    problem for P.G. is that – as AUSD contends – any remedy for this past injury has already been

2    addressed as a result of the settlement agreement entered into by the parties in connection with her

3    two OAH due process cases.  For example, the settlement agreement ▮▮▮▮▮▮▮▮▮▮▮▮▮▮

4    ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  *See* FAC ¶ 18 (alleging that,

5    *in December 2019*, AUSD held an IEP team meeting to review its assessment of P.G. and that the

6    IEP team decided that P.G. did not need special education, related services, or an IEP); Sett. Agmt.

7    ¶ II.B.1 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

8    ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

9    ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

10   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

11   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (emphasis added).  Furthermore, to the extent P.G. seeks

12   retrospective tort-like damages for, *e.g.*, the delay in her obtaining an appropriate education, as

13   noted above, such tort-like damages are not available under the IDEA.

14   D.   Future Injury

15          This leaves P.G. with a claim that she will still suffer future injury unless the instant case is

16   adjudicated.  Under well-established law, "[a] plaintiff threatened with future injury has standing

17   to sue if the threatened injury is certainly impending, or there is a substantial risk that the harm

18   will occur." *McGee v. S-L Snacks Nat'l*, 982 F.3d 700, 709 (9th Cir. 2020).

19          P.G. suggests that she is threatened with future injury because, even though she is currently

20   in a public charter school, she still resides within the AUSD and might want to re-enroll in a

21   public school within the AUSD, depending on what services it would provide her.  In this regard,

22   the Court should take note of declarations submitted by P.G.'s parents.  In their declarations, they

23   note as follows:

24   • They and P.G. still reside in the AUSD.  *See* Landesman Decl. ¶ 3; Gustas Decl. ¶
25      3.

26   • When AUSD failed to address P.G.'s disabilities, they enrolled her in a public
27      charter school.  *See* Landesman Decl. ¶ 4; Gustas Decl. ¶ 4.

28   • Although P.G. is now in a public charter school, they have still asked AUSD for an

7

IEP and an offer of a FAPE for P.G. (*e.g.*, in January 2022 and in April 2022), so that they may "consider returning PG to the District"; nothing, however, has happened. Landesman Decl. ¶ 7; *see also* Gustas Decl. ¶¶ 4-5.

- "If [they] re-enroll [P.G.] into the District, and . . . should [they] disagree with [the District's] assessments and request [an IEE] with a State-licensed clinical psychologist, [the District], relying on the OAH Decision in the underlying case, would again deny us such an evaluation from someone who is skilled and qualified to assess [their] daughter." Landesman Decl. ¶ 7; *see also* Gustas Decl. ¶ 6.

The problem for P.G. is – as reflected by the above – the threatened injury is not "certainly impending," nor is there "a substantial risk that the harm will occur." *McGee*, 982 F.3d at 709. Even if the Court credits P.G.'s interest in returning to the AUSD, there are still too many uncertainties upon which the feared denial of P.G.'s rights are conditioned – *e.g.*, P.G. is assuming she would disagree with the AUSD's assessment of her educational needs such that she would need to ask for an IEE, and that the AUSD would deny her an IEE by a clinical psychologist (whether or not Dr. Grandison). *Cf. M.M. v. Lafayette Sch. Dist.*, 767 F.3d 842, 857 (9th Cir. 2014) ("Since the court could no longer grant full reimbursement or deny reevaluation [because the school district had already made the full reimbursement and the reevaluation had already taken place], the issues were moot. The parents also argue that they requested as a remedy declaratory relief. *Yet, there must still be an 'actual controversy' for a court to issue declaratory relief.*") (emphasis added).

To the extent P.G. makes reference to one of the exceptions for the mootness doctrine – *i.e.*, capable of repetition yet evading review – that authority is of little help because

> [i]n order for a case to qualify under this exception, "there must be *a 'reasonable expectation' that the same complaining party will be subject to the same injury again* [and] the injury suffered must be of a type inherently limited in duration such that it is likely always to become moot before federal court litigation is completed."

*Cammermeyer v. Perry*, 97 F.3d 1235, 1238 (9th Cir. 1996) (emphasis added). Here, the record shows no such reasonable expectation.

8

### III. CONCLUSION

For the foregoing reasons, the Court grants AUSD's motion to dismiss and orders the Clerk of the Court to enter a final judgment in accordance with this opinion. The Court's ruling here does not preclude P.G. from seeking relief based on future actions taken by AUSD which more concretely threatens P.G.'s rights.

This order disposes of Docket No. 48.

**IT IS SO ORDERED**.

Dated: October 5, 2022

_____
EDWARD M. CHEN
United States District Judge

9